Aram Rostomyan (SBN 299893)
aram@rostomyanlaw.com
**ROSTOMYAN LAW, PC**
301 N. Lake Ave., Suite 600
Pasadena, CA 91101
Tel: (626) 440-1007
Fax: (844) 273-9007

Attorneys for Plaintiff,
MANUK VARDANYAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUK VARDANYAN,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC; and DOES 1 through 10, Inclusive<br><br>Defendant. | **CASE NO:** 2:25-cv-01532 MRA<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER REMANDING ACTION BACK TO STATE COURT; SUPPORTING DECLARATION; PROPOSED ORDER**<br><br>Hearing Date: May 5, 2025<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 10B |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 5, 2025, in Courtroom 10B of the above-entitled Court, located at 350 W. First Street, Los Angeles,

CA 90012, before the Honorable Monica Ramirez Almadani, Plaintiff Manuk Vardanyan, will and hereby does move this Court for an order remanding this action to the Superior Court for the County of Los Angeles.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 12, 2025.

Pursuant to Local Rule 7-15, Plaintiff waives oral argument and requests that the Court dispense with oral argument on this motion.

This motion is made on the following grounds: (1) Pursuant to 28 U.S.C. § 1447, because it is presumed that the Court lacks jurisdiction and the removing party has the burden of proving that removal is proper both substantively and procedurally; and (2) Pursuant to 28 U.S.C. § 1446(1), (3), because the defendant's notice of removal was filed untimely.

This motion will be based upon this notice of motion, the attached memorandum of points and authorities, supporting declarations, and exhibits, upon the pleadings and papers on file in this action, and upon any additional evidence that the Court may permit.

Dated: March 19, 2025

ROSTOMYAN LAW, PC

By: Aram Rostomyan
ARAM ROSTOMYAN, ESQ.
ATTORNEY FOR PLAINTIFF
MANUK VARDANYAN

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 1

III. DISCUSSION .......... 3

I. The Court Should Remand This Action Because the Defendant Fails to Meet Its Burden of Proving That This Court Has Removal Jurisdiction. .......... 3

A. There is a presumption that jurisdiction is absent. .......... 3

B. The Party Who is Asserting Jurisdiction Has the Burden of Proving Jurisdiction With Admissible Evidence. .......... 4

C. Defendant Fails to Submit Admissible Evidence to Overcome the Presumption Against Jurisdiction. .......... 6

II. The Court Should Remand This Action Because the Defendant's Removal Was Untimely. .......... 9

III. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

## Cases


*Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ........ 5

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ........ 6

*Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988) ........ 4, 5

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ........ 5

*Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992) ........ 7, 8

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–1107 (9th Cir. 2010) ........ 7

*Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ........ 7

*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ........ 4

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ........ 3

*Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983) ........ 6

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ........ 5

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ........ 5


## Statutes


28 U.S.C. § 1332 ........ 6, 8, 9

28 U.S.C. § 1441 ........ 2, 5, 7, 9

28 U.S.C. § 1446 ........ 2, 9, 10

28 U.S.C. § 1447 ........ 3

California Civil Code §1793.2 ........ 8

Civil Code §871.27 .................... 8

**Rules**

Local Rule 7-3 .................... 13

**Treatises**

Phillips *et al.*, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, Calif. & 9th Cir. Editions (The Rutter Group 2020) § 2:3739 .................... 4

## I. INTRODUCTION

On February 25, 2025, Defendant Mercedes-Benz USA, LLC (hereafter "Defendant" or "MBUSA") initiated this federal action by filing a Notice of Removal. The Notice alleges that this Court has removal jurisdiction over an action that Plaintiff filed in the Los Angeles County Superior Court.

Federal courts have limited jurisdiction. There is a presumption that this Court does not have jurisdiction, and the party asserting otherwise has the burden of establishing both that (1) there is a statutory basis for removal jurisdiction and (2) the facts support jurisdiction under the claimed statutory basis.

Because Defendant does not appear to be able to meet its burden of proving that this Court has removal jurisdiction, and because Defendant's removal of the action was untimely, Plaintiff now moves to remand the action.

## II. STATEMENT OF FACTS

On January 14, 2025, Plaintiff filed this action in the Los Angeles County Superior Court. [Plaintiff's Complaint, Docket Entry No. 1, Exhibit A]. The operative Complaint brings claims for statutory remedies under the California's Song-Beverly Consumer Warranty Act, which is commonly

known as "lemon law." [Id.] Plaintiff leased the subject vehicle through Mercedes-Benz Financial Services, and his first repair presentment for the defects was made at 24,609 miles [Rostomyan Decl., ¶5[.

The Complaint names Defendant and DOES 1 to 10 as Defendants. [Id.] The Complaint was served upon Defendant MBUSA on January 15, 2025. [Rostomyan Decl., ¶3, Exhibit A].

On February 18, 2025, Defendant filed an Answer in the Los Angeles Superior Court. [Rostomyan Decl., ¶4].

On February 25, 2025, Defendant initiated this federal action by filing a Notice of Removal with this Court. [Docket Entry No. 1.] Defendant's Notice of Removal alleges removal jurisdiction based upon diversity of citizenship. [Id.]

Plaintiff now moves to remand this action. As we will explain, there is a presumption that this Court lacks jurisdiction. In order to overcome that presumption, the removing Defendant must prove, with competent evidence, that all of the requirements for removal jurisdiction under 28 U.S.C. §§ 1441 and 1446 are present. Defendant does not meet that burden in its Notice of Removal. Furthermore, Defendant's Notice of Removal was filed more than 30 days after the initiation of Plaintiff's action, and is otherwise untimely under U.S.C. §1446(b)(1), and (3).

Unless Defendant meets that burden when it opposes this motion, this action should be remanded to the Los Angeles Superior Court.

## III. DISCUSSION

### I. The Court Should Remand This Action Because the Defendant Fails to Meet Its Burden of Proving That This Court Has Removal Jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). At all times, the Defendant has the burden of proving, by a preponderance of the evidence, that the allegations contained in its Notice of Removal are true, and it cannot do so in this case.

#### A. There is a presumption that jurisdiction is absent.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted and emphasis added).

### B. The Party Who is Asserting Jurisdiction Has the Burden of Proving Jurisdiction With Admissible Evidence.

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).

> Because it is presumed that a case is outside of the Court's jurisdiction, Plaintiff's motion for remand effectively forces defendant—the party who invoked the federal court's removal jurisdiction—to prove by a preponderance of evidence whatever is necessary to support the petition: e.g., the existence of diversity, the amount in controversy, or the federal nature of the claim.

Phillips *et al.*, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial*, Calif. & 9th Cir. Editions (The Rutter Group 2020) § 2:3739.

"The burden of establishing federal jurisdiction is on the party

seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). "The removal statute authorizes a defendant to remove to federal court any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Consequently, only those state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Ethridge*, 861 F.2d at 1393 (internal citations, quotations, and brackets omitted).

In this case, Defendant has removed Plaintiff's Complaint from the Los Angeles County Superior Court and has asserted jurisdiction under 28 U.S.C. § 1441(a). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of

establishing that removal is proper.") (internal quotation marks omitted).

Except in the case of class actions removed pursuant to the Class Action Fairness Act, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. 28 U.S.C. § 1332(d); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Unless Defendant can meet its burden of proving that this Court has removal jurisdiction over this action, the Court should grant the motion and remand the action. *Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983) ("It is clear that a party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met."). And because Plaintiff has filed this motion within 30 days after the Notice of Removal, Defendant's burden includes the requirement of proving compliance with the procedural requirements for removal. *Id.* ("That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal.").

**C. Defendant Fails to Submit Admissible Evidence to Overcome the Presumption Against Jurisdiction.**

Just as a Plaintiff may not prove his or her claims by pointing to the

allegations in the Complaint, Defendant may not meet its burden simply by pointing to the allegations contained in its Notice of Removal. Rather,

> [I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the **proponent of federal jurisdiction—typically the defendant in the substantive dispute—has the burden to prove, by a preponderance of the evidence, that removal is proper**. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992). This gives rise to a "strong presumption against removal jurisdiction …." *Id.*

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–1107 (9th Cir. 2010) (emphasis added); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (preponderance of the evidence standard applies unless the Plaintiff admits a relevant fact in the pleadings).

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the

> case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.

*Gaus*, 980 F.2d at 567.

Here, Defendant alleges that the amount in controversy requirement is met under 28 U.S.C. §1332 by exclusively adding up the total amount of payments that Plaintiff will be required to make through the end of his lease term. Defendant argues that the total lease payments for the subject vehicle is $78,552.79.

Defendant fails to set forth with admissible evidence the amount in controversy. The damages in a lemon law case are set forth by statute. For example, California Civil Code §1793.2(d)(1) provides for a reimbursement in an amount equal to the purchase price paid by the buyer, *less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity*. This offset for use of the vehicle prior to the first repair issue is commonly referred to as the "milleage offset." Furthermore, Civil Code §871.27(b)(1), (c), and (d) exclude from recovery third-party optional equipment or services (such as service contracts), offset for negative equity, and other manufacturer's rebates, which may be part of the lease.

As such, Defendant fails to account for all the deductions and offsets

that may be at play in relation to the damages in this case. Plaintiff's first repair presentment for the defects with the vehicle appear to be at 24,942 miles. [Rostomyan Decl., ¶5]. Defendant will argue that a milleage offset should be calculated based on 24,609 miles driven prior to first repair, which results in a $24,609 offset from Plaintiff's damages (i.e., 24,942 x $118,400 (price of the vehicle) / 120,000). [Rostomyan Decl., ¶5]. Accordingly, Defendant fails to set forth admissible evidence that establishes that the correct amount in controversy required is met under 28 U.S.C. § 1332.

Because this case involves a removal, in order to defeat this motion, Defendant must provide evidence overcoming the presumption that this Court lacks jurisdiction and showing that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441 (and the various statutes cited therein) and that it complied with all of the procedural requirements contained in 28 U.S.C. § 1446.

By filing this motion, Plaintiff has challenged Defendant's assertion that the Court has jurisdiction.

## II. The Court Should Remand This Action Because the Defendant's Removal Was Untimely.

In order to show procedural propriety, Defendant must demonstrate

that all of the requirements of 28 U.S.C. § 1446 are present, including that (1) a notice of removal containing the required allegations was filed within the time allowed, (2) all relevant parties have joined in the removal, and (3) Defendant attached all of the relevant pleadings from the Superior Court to the notice of removal. 28 U.S.C. § 1446(a), (b).

28 U.S.C. § 1446(b)(1), in pertinent part, requires, the notice of removal to be filed within 30 days after the receipt by the defendant a copy of the initial pleading setting forth the claim or relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant…" This action was served upon the Defendant on January 15, 2025. [Rostomyan Decl., ¶3]. Defendant even filed an Answer in the Superior Court on February 18, 2025. [Rostomyan Decl., ¶4]. Defendant did not remove this action until February 25, 2025, 41 days after service of process, which renders it untimely under 28 U.S.C. § 1446(b)(1). While Defendant claims that Plaintiff produced the Lease Agreement on January 22, 2025, it fails to set forth by admissible evidence that it did not have access to this Lease Agreement or the information therein prior to January 22, 2025, and what efforts it allegedly made to timely obtain this information. Notably, Plaintiff's lease is through the Mercedes-Benz Financial Services, and all purchase and repairs have been

made through Defendant's own authorized service and sales representatives. [Rostomyan Decl., ¶5].

Defendant has failed to file its Notice of Removal timely. As such, the Court should remand this action to the Los Angeles Superior Court.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for an order remanding this action to the Los Angeles County Superior Court should be granted.

Dated: March 19, 2025

ROSTOMYAN LAW, PC

By: Aram Rostomyan
ARAM ROSTOMYAN, ESQ.
ATTORNEY FOR PLAINTIFF
MANUK VARDANYAN

## **Declaration of Aram Rostomyan**

I, Aram Rostomyan, hereby declare as follows:

1. I am the attorney of record for Plaintiff in this action.

2. I make this Declaration in support of Plaintiff's motion for an order remanding this action to the Los Angeles County Superior Court.

3. Plaintiff's Complaint filed with the Los Angeles Superior Court was served upon the Defendant MBUSA on January 15, 2025. Attached as **Exhibit A** to my declaration is a true and correct copy of the Proof of Service filed with the Los Angeles Superior Court.

4. Based on my review of the case file, Defendant MBUSA filed an Answer in the Superior Court on February 18, 2025.

5. Based on my review of the file and documents contained therein, I have noted that Plaintiff's lease of the vehicle is through Mercedes-Benz Financial Services. Furthermore, based on the documentation available to me at this time, Plaintiff's first repair presentment at MBUSA authorized repair center was made on September 4, 2024, with 24,942 miles. The MSRP on the vehicle contained in the Lease Agreement is $118,400.

**<u>Compliance with Local Rule 7-3</u>**

6. On March 3, 2025, I emailed counsel to MBUSA and explained that Plaintiff intended to file this Motion to Remand based on the grounds as more fully stated in the Motion. I also sought to meet with counsel to discuss the issues subject to this Motion.

7. On March 12, 2025, I met with counsel to MBUSA, Mr. Jeremy Basuga, via Zoom video teleconference. I discussed and explained the issues subject to this Motion. The parties were not able to come to an agreement and Defendant refused to agree to Remand the action back to Los Angeles Superior Court.

I declare under penalty of perjury under the laws of the United Staets and State of California that the foregoing is true and correct.

Dated: March 19, 2025

/s/ Aram Rostomyan
ARAM ROSTOMYAN, ESQ.

EXHIBIT A

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| ROSTOMYAN LAW, PC<br>Aram Rostomyan SBN 299893<br>301 N. Lake Ave., Suite 600<br>Pasadena, CA 91101<br>TELEPHONE NO: FAX NO *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: aram@rostomyanlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff | **Electronically FILED by Superior Court of California, County of Los Angeles 1/16/2025 12:11 PM David W. Slayton, Executive Officer/Clerk of Court, By K. Hung, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, 90012-3117<br>BRANCH NAME: Central District | |
| PLAINTIFF / PETITIONER: Manuk Vardanyan<br>DEFENDANT / RESPONDENT: Mercedes-Benz USA, LLC, et al. | CASE NUMBER:<br>25STCV00871 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>12508176 (24500495) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) Package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] Cross-Complaint
   f. [X] Other *(specify documents)*: Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment
3. a. Party served *(specify name of party as shown on documents served)*:
   Mercedes-Benz USA, LLC
   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CT Corporation System - Jaqueline Mejia, Intake Specialist - Person Authorized to Accept Service of Process
4. Address where the party was served:
   330 North Brand Blvd #700, Glendale, CA 91203
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Wed, Jan 15 2025 (2) at *(time)*: 12:25 PM
   b. [ ] **by substituted service.** On *(date)*: at *(time)*: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

EXHIBIT A

| PLAINTIFF / PETITIONER: Manuk Vardanyan<br>DEFENDANT / RESPONDENT: Mercedes-Benz USA, LLC, et al. | CASE NUMBER:<br>25STCV00871 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service**. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*: (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*: Mercedes-Benz USA, LLC
   under the following Code of Civil Procedure section:
   - ☐ 416.10 (corporation)
   - ☐ 416.20 (defunct corporation)
   - ☐ 416.30 (joint stock company/association)
   - ☐ 416.40 (association or partnership)
   - ☐ 416.50 (public entity)
   - ☒ other: Corp. Code 17701.16, LLC
   - ☐ 415.95 (business organization, form unknown)
   - ☐ 416.60 (minor)
   - ☐ 416.70 (ward or conservatee)
   - ☐ 416.90 (authorized person)
   - ☐ 415.46 (occupant)

7. **Person who served papers**
   a. Name: Zoe Roller
   b. Address: 1400 North McDowell Blvd Suite 300, Petaluma, CA 94954
   c. Telephone number: 800-938-8815
   d. **The fee** for service was: $50.00
   e. I am:
   (1) ☐ not a registered California process server.
   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
   (3) ☒ a registered California process server:
   (i) ☐ owner ☐ employee ☒ independent contractor
   (ii) Registration No: 2023100296
   (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: January 15, 2025

Zoe Roller

(NAME OF PERSON WHO SERVED PAPERS / SHERIFF OR MARSHAL)

InfoTrack US, Inc. - P000634
1400 North McDowell Blvd Suite 300,
Petaluma, CA 94954
800-938-8815

(SIGNATURE)

EXHIBIT A

# **Proof of Service**

**MANUK VARDANYAN V. MERCEDES-BENZ USA, LLC**

I, Judith Vazquez-Oropeza, am over the age of 18 and not a party to this action. My business address is 301 North Lake Ave., Suite 600, Pasadena, California 91101. My electronic service address is aram@rostomyanlaw.com

**ELECTRONICALLY:** On the date and time indicated below, I served the document electronically by sending it by electronic mail to the email address indicated below. The transmission was reported complete and without error by my e-mail provider.

Document(s) Served:
**NOTICE OF MOTION AND MOTION FOR AN ORDER REMANDING ACTION; MEMORANDUM; SUPPORTING DECLARATION**

Person(s) served:
Jeremy Basuga (Jeremy.Basuga@ltlattorneys.com
Sabrina Narain (Sabrina.Narain@ltlattorneys.com
*Attorney for Defendant MBUSA*

Date of Service: March 19, 2025
Date Proof of Service Signed: March 19, 2025

I declare under penalty of perjury under the laws of the State of California and of my own personal knowledge that the above is true and correct.

DATED: March 19, 2025

Judith Vazquez-Oropeza
JUDITH VAZQUEZ–OROPEZA