Sabrina C. Narain (SBN 299471)
sabrina.narain@ltlattorneys.com
Cynthia Y. Sun (SBN 245123)
cynthia.sun@ltlattorneys.com
Jacky P. Wang (SBN 222464)
jacky.wang@ltlattorneys.com
**LTL ATTORNEYS LLP**
300 South Grand Avenue, Suite 3950
Los Angeles, CA 90071
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
ltl-e-service@ltlattorneys.com

Attorneys for Defendant
**MERCEDES-BENZ USA, LLC**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MANUK VARDANYAN

Plaintiff,

v.

MERCEDES-BENZ USA, LLC; and DOES 1 through 10, Inclusive

Defendants.

**Case No. 2:25-cv-01532-MRA-DFM**

**DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF MANUK VARDANYAN'S MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: May 5, 2025
Time: 1:30 p.m.
Judge: Hon. Mónica Ramírez Almadani
Ctrm.: 10B

Complaint Filed: January 14, 2025
Trial Date: None Set

**TO THE COURT AND TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant MERCEDES-BENZ USA, LLC ("MBUSA") hereby submits the following Memorandum of Points and Authorities in support of MBUSA's Opposition to Plaintiff MANUK VARDANYAN's ("Plaintiff") Motion for Remand to Superior Court of California ("Motion") (Dkt. No. 9). As discussed below, the Court should deny the Motion in its entirety.

Dated: April 22, 2025 **LTL ATTORNEYS LLP**

By: */s/ Sabrina C. Narain*
Sabrina C. Narain, Esq.
Cynthia Y. Sun, Esq.
Jacky P. Wang, Esq.
Attorneys for Defendant
**MERCEDES-BENZ USA, LLC**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

By his Motion, Plaintiff seeks an Order from the Court remanding this action to state court. In support of the Motion, Plaintiff argues that MBUSA "does not appear to be able to meet its burden of proving that this Court has removal jurisdiction" and that MBUSA's "removal of the action was untimely." (Motion, 1:12-16.)

As discussed below, Plaintiff's arguments lack merit and are erroneous. MBUSA established the amount in controversy in its Notice of Removal and, to the extent necessary, in its Opposition to the Motion. Further, Plaintiff's timeliness argument rests on nothing more than Plaintiff's speculation that MBUSA had direct access to the lease agreement at the inception of the case, which it simply did not. Plaintiff's Motion ignores both the facts surrounding the pleadings' history that gave rise to removal as well as well-settled law that removability is determined based on the pleading and papers in a case. Accordingly, the Court should deny Plaintiff's Motion in its entirety.

## II. STATEMENT OF FACTS

Plaintiff's Complaint, filed on January 14, 2025, alleges breach of the express and implied warranties under the Song-Beverly Consumer Warranty Act against MBUSA arising out of Plaintiff's purchase of a used 2023 Mercedes-Benz S500 (the "Subject Vehicle"). (Declaration of Sabrina Narain ["Narain Decl."] ¶ 4; *See generally* Compl., Dkt. No. 1-2.) MBUSA filed its Answer in state court on February 18, 2025. (Narain Decl. ¶ 5; *See generally* Answer, Dkt. No. 1-2.)

On January 22, 2025, Plaintiff's counsel sent an email correspondence producing the Lease agreement. (Narain Decl. ¶ 6, **Exhibit A**, Plaintiff's Counsel's January 22, 2025 Email.) The Lease Agreement reflected the total amount of payments as $78,552.79. (Narain Decl. ¶ 7, *See generally* Lease Agreement, Dkt. No. 1-3.) MBUSA did not receive the Lease Agreement until January 22, 2025, because

it is not a party to the contract and does not have direct access to lease/sales documents. (Narain Decl. ¶ 8.) MBUSA must request these documents from the dealership involved in the transaction. However, the dealerships are independently owned and operated. *Id.* Accordingly, MBUSA removed the case on February 21, 2025—within 30 days of receiving the Lease Agreement from Plaintiff's counsel. (Narain Decl. ¶ 9; *See generally* Notice of Removal, Dkt. No. 1.) On March 19, 2025, Plaintiff then filed this instant Motion to Remand. (Narain Decl. ¶ 10.)

## III. LEGAL STANDARD

"The removal procedure is intended to be fair to both plaintiffs and defendants alike." *McKinney v. Bd. of Trustees of Maryland Comm. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992). A "defendant's right to remove a case that could be heard in federal court is at least as important as the Plaintiff's right to the forum of their choice." *Young v. Ford Motor Co.*, No. 1:07-cv-00297-LJO-SMS, 2007 WL 1847663, at *3 (E.D. Cal. June 27, 2007) (citations omitted).

"[A] notice of removal must include only **'a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold.'" *Schneider v. Ford Motor Co*., 756 F. App'x 699, 700 (9th Cir. 2018) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014)) (emphasis added). **The amount in controversy is an estimate of the total amount in dispute**, not a prospective assessment of the defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In that sense, the amount in controversy reflects the *maximum* recovery the Plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (emphasis in original). It includes **any** potential result of the litigation, excluding interest and costs, that would "entail a payment" by the defendant, including attorney's fees awarded under a fee-shifting statute. *Gonzales v. CarMax Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016) (emphasis added).

Furthermore, defendants have thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Alternatively, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Indeed, the Ninth Circuit has held that the thirty-day window for a defendant to remove a case to federal court starts to run upon receipt of a pleading only if that pleading *affirmatively reveals on its face the basis for removal*. *Harris*, 425 F.3d at 693. Moreover, in assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the Plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Where a defendant presents proof of damages exceeding the amount in controversy, "it then becomes Plaintiff's burden to show, as a matter of law, that it is certain they will not recover the jurisdictional amount." *Kenneth Rothschild*, 199 F. Supp. 2d at 1001 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995)).

## IV. ARGUMENT

### A. MBUSA Has Met Its Burden In Establishing the Amount In Controversy Exceeds the $75,000 Threshold

To determine the amount in controversy, "courts first look to the complaint." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "[T]he sum claimed by the plaintiff" generally controls "if the claim is apparently made in good faith." *Ibarra*, 775 F.3d at 1197 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[w]hen not facially evident from the complaint that

more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.")

Here, although the amount in controversy was not established on the face of the Complaint, MBUSA's Notice of Removal, and the documents in support of, established that the amount in controversy easily exceeds the $75,000 threshold. First, Plaintiff's Complaint seeks restitution and rescission, in addition to actual and statutory damages, civil penalties, and attorneys' fees and costs. (*See generally* Compl., Dkt. No. 1-2.) Second, the Lease Agreement produced on January 22, 2025, indicated a Total of Payments as $78,552.79. (Narain Decl. ¶ 7; *See generally* Lease Agreement, Dkt. No. 1-3.) Accordingly, Plaintiff's argument regarding the amount in controversy fails for the reasons explained below.

**1. <u>Mileage Deduction is Not Part of the Calculation for Amount in Controversy</u>**

Plaintiff argues that "Defendant fails to account for all the deductions and offsets that may be at play in relation to the damages in this case." (Motion, 8:23-9:1.) In this regard, a mileage offset calculation does not need to be accounted for because the "amount in controversy is established by what the plaintiff demands, not by any reductions that a defendant might achieve through its defenses." *In Re: Ford Motor Co. DPS6 Powershift Transmission Products Liab. Litig.*, No. 2:18-ML-02814-AB-PVC, 2018 WL 5905942, at *4 (C.D. Cal. Sep. 10, 2018).

As the Ninth Circuit has instructed, "if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount[,] the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). This principle applies with equal force to mileage offsets: "the offset is not automatic. [Defendant] would

need to affirmatively (and successfully) raise it at trial.... Therefore, it is appropriate to rely on the total amount paid to determine the amount in controversy." *Wickstrum v. FCA USA LLC*, No. 3:20-cv- 00336-L-JLB, 2021 WL 532257, at *2 (S.D. Cal. Feb. 12, 2021).

Consequently, Plaintiff's argument that MBUSA failed to deduct the mileage offset is without merit. As stated in *Geographic Expeditions, Inc., supra*, 599 F.3d 1102, 1108 (9th Cir. 2010), the Court is not in a position to "decide the merits of the case before it could determine if it had subject matter jurisdiction." *Id*.

Bottom line, any defenses by MBUSA to all or part of Plaintiffs' claims does not affect the amount in controversy for the purposes of removal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 US 283, 295-296 (1938); *Riggins v. Riggins, 415 F2d 1259, 1261-1262* (9th Cir. 1969). Stated differently, the amount in controversy includes all amounts "'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 417 (9th Cir. 2018).

### 2. __Plaintiff's Motion Fails to Account for Civil Penalties__

Civil penalties under Song-Beverly are properly included in the amount in controversy. See *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 (9th Cir. 2000); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ["[T]he amount in controversy in a removal action is not limited to damages incurred prior to removal – for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal, "but rather is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.")

The amount payable, for purposes of California *Civil Code* § 1793.2, is also

properly included in calculating the amount in controversy in a removal action based on diversity. Furthermore, a reasonable estimate of attorneys' fees likely to be expended is also properly included. *Brady, supra*, 243 F.Supp.2d at 1010-11; F*ritsch, supra*, 899 F.3d at 793-794.

The Ninth Circuit has previously explained that the amount in controversy is the "amount at stake in the underlying litigation." *Fritsch, supra*, 899 F.3d at 793, citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). "This includes any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Fritsch, supra*, 899 F.3d at 793. "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Id*. The amount in controversy properly includes "all relief claimed at the time of removal to which plaintiff would be entitled if she prevails." *Id*. citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-418 (9th Cir. 2018) ("Chavez").

The Ninth Circuit has made clear that, to satisfy the amount-in-controversy requirement, it is not necessary that the Plaintiff actually recover what Plaintiff claims in the operative Complaint. The amount sought in restitution under the Song-Beverly Warranty Act which constitutes either the amount paid or payable by the buyer/leaser is to be considered "at stake" in this matter, regardless of whether the amount actually paid is lower than the amount payable. Thus, if the law entitles Plaintiff to the amount payable under California *Civil Code* § 1793.2 et seq. at the time this action was removed should they prevail, then it is "at stake" for purposes of determining the amount in controversy.

Even if the amount actually paid, rather than the total amount of payments due, is considered, the amount in controversy still exceeds the $75,000 threshold once civil penalties are included. According to the Lease Agreement, Plaintiff made an initial

payment of $4,000 on December 31, 2022, and has since owed a minimum monthly payment of $1,573.57. (*See generally* Lease Agreement, Dkt. No. 1-3.) Based on 25 months of payments from January 31, 2023, through January 31, 2025, Plaintiff has paid at least $43,339.25 ($1,573.57 × 25 months + $4,000). Because Plaintiff seeks a civil penalty of up to two times the amount paid, the amount in controversy is at least $130,017.75.

### 3. <u>**Plaintiff's Attorney Fees Must Be Included in the Amount of Controversy Calculation**</u>

In *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, (9th Cir. 2018), the Ninth Circuit stated as follows:

> …a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met. Citations. We have long held (and reiterated in *Chavez*) that attorneys' fees awarded under fee-shifting statutes or contracts are included in the amount in controversy. Citations. As explained in *Chavez*, when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. 888 F.3d at 418. Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, "then there is no question that future [attorneys' fees] are 'at stake' in the litigation," *id*. at 417, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy. *Id*. at 794.

Here, the SBA allows for the recovery of attorneys' fees. California *Civil Code* § 1794(d). In that regard and as recently held, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Shoner v. Carrier Corp*., 30 F.4th 1144, 1148, 1150 (9th Cir. 2022), quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998), including attorneys' fees incurred after the time of removal, *Fritsch, supra*, 899 F.3d 785, 794 (9th Cir. 2018).

Fee awards in actions under the SBA may be substantial, even in cases that are settled without trial. *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th

462, 470 [$185,214.19 fee award]; *Gezalyan v. BMW of North America, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) [$50,404.34 fee award]. In *Jurosky v. BMW of North America*, Case No. 3:19-cv-00706-JM-BGS (S.D. Cal. 2020), the Court awarded $148,414.95 in fees, costs, and expenses after Plaintiff accepted judgment in his favor for $122,596.92. (Dkt. No. 70.)

Notably, Plaintiff does not argue that attorneys' fees should not be included in the amount in controversy calculation. Nonetheless, MBUSA reiterates that the amount in controversy exceeds the $75,000 threshold even without the need for attorneys' fees and costs as Plaintiff's request for civil penalties easily places the amount in controversy well above the threshold.

**B. <u>MBUSA Timely Removed This Action</u>**

Ordinarily, a defendant has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Indeed, the Ninth Circuit has held that the thirty-day window for a defendant to remove a case to federal court starts to run upon receipt of a pleading only if that pleading *affirmatively reveals on its face the basis for removal*. *Harris*, 425 F.3d at 693.

In *Harris*, the Court expressly rejected the notion that a defendant's subjective knowledge, rather than what is stated on the pleadings and papers, trigger the thirty-day period for removal, stating that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* at 695. The *Harris* court further explain that this approach was necessary to "avoid the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge,

or whether defendant conducted sufficient inquiry." *Id*. at 697

Although Plaintiff sought restitution, rescission, general, special and actual damages, civil penalties, and attorneys' fees and costs in their Complaint, the actual amount in controversy could not be ascertained on the face of the Complaint. (*See generally* Compl., Dkt. No. 1-2.) Specifically, the Complaint included no indication of the amount Plaintiff is seeking, leaving it insufficient to establish the amount in controversy on its own.

As noted above, the "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.,* 14 F.4ths 1089, 1091 (9th Cir. 2021). As such, the Complaint did not trigger the 30-day removal period. MBUSA reiterates that it did not receive the Lease Agreement until January 22, 2025. (Narain Decl. ¶ 8.) MBUSA is not a party to the contract and does not have direct access to lease or sales documents. *Id*. MBUSA must request these documents from the dealership involved in the transaction, which are independently owned and operated. *Id*. Accordingly, MBUSA's Notice of Removal was timely because the case was removed on February 21, 2025—within 30 days of receiving the Lease Agreement from Plaintiff's counsel.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion in its entirety.

Dated: April 22, 2025

**LTL ATTORNEYS LLP**

By: */s/ Sabrina C. Narain*
Sabrina C. Narain, Esq.
Cynthia Y. Sun, Esq.
Jacky P. Wang, Esq.
Attorneys for Defendant
**MERCEDES-BENZ USA, LLC**

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is 300 South Grand Avenue, Suite 3950, Los Angeles, CA 90071.

On April 22, 2025, I served the foregoing document(s) described as **DEFENDANT MERCEDES-BENZ USA, LLC'S OPPOSITION TO PLAINTIFF MANUK VARDANYAN'S MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by sending a true copy thereof to the address listed below.

☐ **BY MAIL:** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC MAIL:** I transmitted the above-listed document(s) to the e-mail address(es) set forth below on this date.

☐ **BY PERSONAL SERVICE:** I arranged for Express Network to deliver such envelope by hand to the individuals listed below.

☐ **BY OVERNIGHT COURIER**: I caused each envelope with fees prepaid shipped by Federal Express.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 22, 2025, at Los Angeles, California.

*/s/ Sara Wilhoit*
Sara Wilhoit

**SERVICE LIST**

*Vardanyan, Manuk v. Mercedes-Benz USA, LLC, et al.*

Superior Court Case No.: 25STCV00871

District Court Case No.: 2:25-cv-01532-MRA-DFM

Aram Rostomyan, Esq.
**ROSTOMYAN LAW, PC**
301 N. Lake Ave., Suite 600
Pasadena, CA 91101
Telephone: (626) 440-1007
Facsimile: (844) 273-9007
aram@rostomyanlaw.com

Attorneys for Plaintiff
**MANUK VARDANYAN**