UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-01532-MRA-DFM | Date | May 6, 2025 |
|---|---|---|---|
| Title | Manuk Vardanyan v. Mercedes-Benz USA, LLC et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING MOTION TO REMAND [ECF 9]**

Before the Court is Plaintiff's Motion to Remand Case. ECF 9. The Court read and considered the moving, opposing, and reply papers, and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. The hearing was therefore vacated and removed from the Court's calendar. ECF 11. For the reasons stated herein, the Court **DENIES** the Motion.

## I.    BACKGROUND

Plaintiff Manuk Vardanyan sues Defendant Mercedes-Benz USA, LLC and Does 1–10 to recover damages for a defective vehicle. ECF 1-2. Plaintiff leased a "brand-new 2023 Mercedes Benz S500 . . . which was manufactured, distributed, or sold by Defendant." *Id.* ¶ 4. The vehicle qualifies as a new motor vehicle under California Civil Code § 1793.22(e)(2), and the lease included an express written warranty. *Id.* ¶¶ 4–5. Plaintiff alleges that the lease also included the implied warranties of merchantability and fitness. *Id.* ¶¶ 4–16 (citing Cal. Civ. Code §§ 1791.1, 1792, 1794). Plaintiff further alleges that, during the warranty period, the vehicle exhibited "various defects."[1] *Id.* ¶ 6. Based on the foregoing, Plaintiff brings multiple

---

[1] Specifically, Plaintiff alleges: "During the warranty period, the vehicle contained or developed various defects, including but not limited to, defects which causes the vehicle's check engine light to display, defects which causes the vehicle's sensors and its systems to malfunction, defects which causes the vehicle's blind spot monitors to fail or malfunction, defects which causes the vehicle's emergency stop features to fail or malfunction, defects which causes the vehicle's media systems to fail or malfunction, defects which causes the vehicle's audio to fail or malfunction, defects with brake assist and its systems, other electrical defects, engine defects, and other defects which renders the vehicle inoperable." ECF 1-2 ¶ 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-01532-MRA-DFM | Date | May 6, 2025 |
|---|---|---|---|
| Title | Manuk Vardanyan v. Mercedes-Benz USA, LLC et al. | | |

claims for violations of California's Song-Beverly Consumer Warranty Act. Cal. Civ. Code §§ 1790, *et seq.*; ECF 1-2 ¶¶ 4–33. Plaintiff seeks general damages, restitution, civil penalties, consequential and incidental damages, attorneys' fees and costs, prejudgment interest, and any other relief the Court deems proper. *See* ECF 1-2 at 9.

On January 14, 2025, Plaintiff filed his Complaint in Los Angeles County Superior Court. *See generally id.* On February 21, 2025, Defendant removed the case to federal court. ECF 1. On March 13, 2025, Plaintiff filed a Motion to Remand this matter to state court, on the grounds that (1) this Court lacks jurisdiction over the suit and (2) Defendant's removal was untimely and thus procedurally defective. ECF 9.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). A removal's propriety "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart*, 592 F.2d at 1064); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## III. DISCUSSION

### A. Jurisdiction

A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1). "[A] notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014)). But "evidence showing the amount in controversy is required . . . when the plaintiff contests, or the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-01532-MRA-DFM | Date | May 6, 2025 |
|---|---|---|---|
| Title | Manuk Vardanyan v. Mercedes-Benz USA, LLC et al. | | |

questions, the defendant's allegation." *Id.* (quotation marks and citation omitted). "A court cannot base a finding of jurisdiction on a defendant's speculation and conjecture; '[r]ather, [the] defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.'" *Jackson v. Specialized Loan Servicing, LLC*, No. CV 14-05981 MMM (PLAx), 2014 WL 5514142, at *8 (C.D. Cal. Oct. 31, 2014) (alterations in original) (quoting *Fong v. Regis Corp.*, No. C 13-04497 RS, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014)).

Here, Plaintiff argues that Defendant failed to establish that the amount in controversy exceeds $75,000.[2] ECF 9 at 13–14. Although the contents of the Lease Agreement—including the total payments owed ($78,552.79) and the vehicle's market value ($118,400.00)—are undisputed, Plaintiff argues that Defendant has nevertheless overestimated the amount in controversy. Specifically, Plaintiff maintains that Defendant failed to subtract statutory reductions, such as the "mileage offset,"[3] from the value of the vehicle, which reduces the amount in controversy. Defendant contends that these reductions are not to be considered when calculating the amount-in-controversy requirement and are instead incorporated at a later stage in the proceedings. ECF 10 at 6–7.

As the Ninth Circuit has explained, "if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount[,] the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010). Thus, based on the total payments and value of the vehicle as presented in the Lease Agreement, the Court finds that Defendant has shown by a preponderance of the evidence that the amount-in-controversy requirement has been met. Accordingly, because the amount in controversy is over $75,000 and the parties are diverse, the Court has diversity jurisdiction over this case.

---

[2] Plaintiff does not dispute the diversity of the parties and instead bases its objection to jurisdiction entirely on Defendant failing to establish the required amount in controversy.

[3] The mileage offset is set forth in California Civil Code § 1793.2(d)(1), which caps the reimbursement for damages at "an amount equal to the purchase price paid by the buyer, *less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity*." ECF 9 at 8 (emphasis in original). Plaintiff also claims recovery is capped under California Civil Code § 871.27(b)(1), (c), and (d), which "exclude from recovery third-party optional equipment or services (such as service contracts), offset for negative equity, and other manufacturer's rebates, which may be part of the least." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-01532-MRA-DFM | Date | May 6, 2025 |
|---|---|---|---|
| Title | Manuk Vardanyan v. Mercedes-Benz USA, LLC et al. | | |

### B. Timeliness of Removal

Plaintiff argues in the alternative that the removal is untimely under 28 U.S.C. § 1446(b)(1) because Defendant removed the case more than 30 days after it was served with the Summons and Complaint. ECF 9 at 14–16. According to Plaintiff, Defendant was not diligent in timely investigating removability. *Id.* Defendant argues that removal was timely because it was filed within 30 days of Defendant receiving the Lease Agreement, which contained the information needed to determine the amount in controversy. ECF 10 at 10–11. It is undisputed that Plaintiff's Complaint did not include any details about the amount in controversy; therefore, Defendant argues that the clock for removal did not start to run until Defendant received the Lease Agreement. *Id.*

With respect to the timing of removal, "[t]here are two different potential . . . deadlines." *Franklin v. Healthsource Glob. Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first potential deadline is triggered if an initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 691 (9th Cir. 2005); *see also* 28 U.S.C. § 1446(b)(1). "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered." *Avina v. Ford Motor Co.*, No. CV 23-10573 PA (Ex), 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024). The second potential deadline for removal is triggered after "the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). The clock for the second removal deadline begins upon "defendant's receipt of a document from the plaintiff or the state court—not by any action of defendant." *Solis v. Nissan North Am.*, No. CV 24-00728-MWF (Ex), 2024 WL 1311275, at *2 (C.D. Cal. Mar. 27, 2024) (quoting *Franklin*, 2024 WL 1055996, at *2).

Beyond those two deadlines, a defendant may remove a case where it "could have ventured beyond the pleadings to demonstrate removability *initially*[.]" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) (internal quotation marks omitted). However, it is not "*obligated* to do so." *Id.* In *Kuxhausen*, the Ninth Circuit explained that a defendant is not obligated to "look[] in its files within the first thirty days" after a case is filed to determine removability because the court preferred a "clear rule" and was "unwilling to embroil the courts in inquiries 'into the subjective knowledge of [a] defendant[.]'" *Id.* at 1141 (quoting *Harris*, 425 F.3d at 696). Therefore, in *Kuxhausen*, the court "decline[d] to hold that materials outside the complaint start the thirty-day clock." *Id.* (holding that defendant BMW was "not obligated to supply information"—in that case, business records identifying a "representative valuation" of the vehicles at issue—"which [plaintiff] had omitted [from the complaint]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-01532-MRA-DFM | Date | May 6, 2025 |
|---|---|---|---|
| Title | Manuk Vardanyan v. Mercedes-Benz USA, LLC et al. | | |

Here, too, the Court finds that Defendant was not required to search through its records to find what Plaintiff had not provided in the Complaint. It is undisputed that Plaintiff's Complaint did not contain allegations that facially demonstrated the amount in controversy. *See* ECF 1-2. As such, Plaintiff "le[ft] the window for removal open." *Kuxhausen*, 707 F.3d at 1139 (requiring plaintiffs to "assume the costs associated with their own indeterminate pleadings[.]"). Defendant first received a copy of the Lease Agreement on January 22, 2025. ECF 10 at 11 (citing Narain Decl. ¶ 8). Defendant filed the Notice of Removal on February 21, 2025, which is within 30 days of receiving the Lease Agreement. *Id.*; *see also* ECF 1. Accordingly, the Court finds the Notice of Removal was timely filed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

|  | - : - |
|---|---|
| Initials of Deputy Clerk | gga |